IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRELL KOSSIE | § | |
| v. | § | CIVIL ACTION NO. 6:14cv790 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Darrell Kossie, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Kossie challenged three prison disciplinary cases, no.'s 20140353552, 20140353556, and 20140353559. For purposes of convenience, these cases will be referred to by their last three digits.

In case no. 552, Kossie was convicted on August 12, 2014 of threatening to inflict harm on an officer, for which he received punishments of 15 days of recreation and commissary restrictions. In case no. 556, he was convicted on August 20, 2014 of possession of contraband, for which he received punishments of 15 days of cell and commissary restrictions. In case no. 559, Kossie was convicted on August 20, 2014, of making false statements against an officer and threatening to accuse the officer, for which he received as punishment 15 days of commssary restrictions. He argued in each case that he was improperly convicted of the disciplinary offenses.

1

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that Kossie failed to show the infringement of any constitutionally protected liberty interests, citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Kossie did not lose any good time but suffered only cell, commissary, and recreation restrictions, none of which punishments exceeded Kossie's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did they impose atypical or significant hardships in relation to the ordinary incidents of prison life. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Because Kossie failed to show the violation of a protected liberty interest, the Magistrate Judge concluded that his claims for habeas corpus relief lacked merit. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

## III. Kossie's Responses to the Magistrate Judge's Report

Kossie filed a number of responses to the Magistrate Judge's Report, including a set of unprocessed grievance forms, two notices to the Court, and a purported motion addressed to the Texas Court of Criminal Appeals seeking an extension of time in which to file a petition for discretionary review. None of these responses make any reference to the Report and Recommendation in this case, but instead refer to Kossie's criminal conviction. Nor do Kossie's responses mention the disciplinary cases at issue in the present federal habeas petition, although he does indicate on his grievance forms that a disciplinary case which was the subject of a separate federal habeas petition was later overturned.

## IV. Discussion

Fed. R. Civ. P. 72(b)(2) requires that objections to a Magistrate Judge's Report be "specific written objections." Parties filing objections must specifically identify those findings objected to, and frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). This Court has stated that non-

specific objections "raise no issue for the court to decide." *Jones v. Federal Home Loan Mortgage Corp.*, civil action no. 4:13cv559, 2014 WL 1396478 (E.D.Tex., April 10, 2014). Although Kossie filed several pleadings after the Magistrate Judge's Report, none of these raised any specific objections to the Report or any proposed findings or conclusions contained therein. To the extent that any of these pleadings may be construed as objections, they are without merit.

The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections, to the extent he raised any, are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Darrell Kossie is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Nov 4, 2017**

_____
Ron Clark, United States District Judge